IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | MAGISTRATE NO. 07-553 |
| v. | : | |
| | : | |
| LAWRENCE LEWIS | : | Sentencing Date: March 31, 2008 |
| | : | |
| Defendant. | : | |
| | : | |

### UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing. The Government has no opposition to a probationary sentence, along with a $2500 fine, and a $25 special assessment. In support thereof, the United States respectfully states the following:

### Background

1. Lawrence Lewis' actions pertaining to this plea agreement are set forth in the proffer of evidence signed and accepted by Mr. Lewis on December 10, 2007.

2. In summary, in or about March 29, 2007, Lawrence Lewis, who was at the time of this conduct, the Director of Engineering at a retirement facility, and who was responsible for, among other things, overseeing the disposal of sanitary wastewater at the facility, negligently caused a discharge of untreated sanitary sewage into Rock Creek, a navigable water of the United States. Lawrence Lewis nor the retirement facility had been issued a permit to discharge a pollutant into Rock Creek in or about March 29, 2007.

**Statutory Penalties**

3.  Pursuant to Title 33, United States Code, §§ 1311 (a) and 1319 (c)(1)(A), Mr. Lewis faces a maximum sentence of one year imprisonment, of supervised release of not more than one year, a probation period between one and five years, a minimum fine of $2500, and not more than $25,000, and a special assessment of $25. See PSR ¶ 3 and 14.

**Sentencing Guidelines**

4.  The Federal Sentencing Guidelines calculation embodied in the Presentence Report places the defendant's base offense level at 6. See PSR ¶ 5. The PSR includes a +6 point Specific Offense Characteristic increase because the offense involved discharge of a pollutant without a permit. See PSR ¶ 5-6. The PSR also correctly affords the defendant a two-point reduction in his guidelines calculation for acceptance of responsibility, which diminishes his total offense level to 10. See PSR ¶ 6. In addition, the parties agreed to a two-point reduction in his guideline calculation for negligent conduct. The PSR calculates the defendant's criminal history score as 0, and the criminal history category as I. See PSR ¶ 6. The total offense level therefore is 8, and the Guidelines range for the defendant is 0 to 6 months, which makes Mr. Lewis eligible for probation.

**Sentencing Recommendation**

5.  The government does not oppose a probationary sentence in this case, along with a $2500 fine, and the Class A misdemeanor special assessment of $25.

6.  When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18 United States Code, Section 3553(a). See United States v. Gall, 446 F.3d 884, 889 (8th Cir. 2006). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. §3553(a)(1)); the need

for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

7.      In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, Title 18, United States Code, Section 3553(b)(1). Booker, 125 S. Ct. at 756. Nonetheless, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. See Gall, at 889 ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). The Guidelines are the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions. See United States v. Rita, ___ U.S. ___, 127 S.Ct. 2456 (2007). See also United States Sentencing Comm'n, Supplementary Report on the Initial Guidelines and Policy Statements 16-17 (1987); see also 28 U.S.C. § 994(m) (requiring Commission to "ascertain the average sentences imposed . . . prior to the creation of the Commission"); Comprehensive Crime Control Act of 1984, S. Rep. No. 98-225, at 168 (Commission should produce a "complete set of guidelines that covers in one manner or another all important variations that commonly may be expected in criminal cases"). In addition, the Sentencing Commission has continued to study district court and appellate

sentencing decisions and to "modify its Guidelines in light of what it learns." Booker, 125 S. Ct. at 766-67 (the Sentencing Commission will continue "collecting information about actual district court sentencing decisions . . . and revising the Guidelines accordingly").

8.      The Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a). Any Guidelines calculation is based on the individual characteristics of the offense and the offender, as required by Section 3553(a)(1). The Guidelines themselves thus seek to implement – in a fair and uniform way – the offense specific characteristics that, themselves, comprise the "individualized assessment" the Supreme Court commends in Gall. See Gall, at 889.

9.      In this case, because Mr. Lewis' conduct is viewed as negligent, as he was unaware that the waste water flowed directly into Rock Creek, the government does not oppose a straight probationary sentence, along with a $2500 fine, and a $25 special assessment.

**Conclusion**

WHEREFORE, based upon the above, and the information reflected in the Presentence Report, the United States respectfully does not oppose a sentence of probation, a $2500 fine, and a $25 special assessment in this case.

Respectfully,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____/s/_____
RHONDA L. CAMPBELL
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar Number 462402
United States Attorney's Office
555 Fourth Street, N.W., Room 4239
Washington, D.C. 20530
Phone: (202) 514-9519
rhonda.campbell@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served upon counsel of record for the defendant, L. Barrett Boss, Esq., Cozen O'Connor, PC, The Army and Navy Club Bldg., 1627 I Street, N.W., Suite 1100, Washington, D.C. 20006, through the electronic court filing system, this 25th day of March 2008.

                                                     /s/
                                      RHONDA L. CAMPBELL